IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUBEN VELEZ-MALDONADO,     : | |
|     Plaintiff,     : | |
|     : | |
| v.     : | CIVIL ACTION NO. 20-CV-4685 |
|     : | |
| CEMOR, *et al.*,     : | |
|     Defendants.     : | |

**MEMORANDUM**

**JONES, II, J.**                                                                                     **JUNE 17, 2021**

Plaintiff Ruben Velez-Maldonado, a prisoner currently incarcerated at George W. Hill Correctional Facility ("GWH"), filed this civil rights action pursuant to 42 U.S.C. § 1983. Named as Defendants are three employees of GWH identified as "Cemor," "Appollo," and "Francis." Velez-Maldonado seeks to proceed *in forma pauperis* and has submitted a copy of his institutional account statement. For the following reasons, the Court will grant Velez-Maldonado leave to proceed *in forma pauperis*, dismiss his Complaint in part with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and permit the remaining claims to proceed.

**I.     FACTUAL ALLEGATIONS**[1]

Velez-Maldonado's allegations are brief. On April 7, 2020, while working in the kitchen at GWH he injured his hand when the hand was caught in tray washer machine. (ECF No. 2 at 3.) Defendant Cemor had directed him to fix the machine which had malfunctioned. He claims the Defendants knew the machine was faulty. (*Id.*) Appollo helped Velez-Maldonado free his

---

[1] The allegations are taken from Complaint. (*See* ECF No. 2.) The Court adopts the pagination supplied by the CM/ECF docketing system.

hand and gave him napkins and to stop the bleeding but told him to go back to work. (*Id.*) Velez-Maldonado instead went to the medical unit at GWH for treatment. (*Id.*) He asserts he filed a grievance and was fired as a result by Defendant Francis. (*Id.*) Velez-Maldonado asserts the still suffers pain and discomfort from his injury and has lost full use of his ring and pinky fingers. (*Id.*) He claims he has nerve and ligament damage. (*Id.*) He seeks money damages from each Defendant. (*Id.* at 5.)

## II.     STANDARD OF REVIEW

The Court grants Velez-Maldonado leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory allegations do not suffice. *Id.*  As Velez-Maldonado is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.     DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

---

[2] However, as Velez-Maldonado is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). For the following reasons, Velez-Maldonado has failed to state a claim against Cemor and Appollo.

The United States Supreme Court has held that § 1983 claims may not be predicated on a state actor's mere negligence. *See Canton v. Harris,* 489 U.S. 378, 387 (1989) (holding that mere negligence in training cannot form basis of § 1983 liability); *Daniels v. Williams,* 474 U.S. 327, 328 (1986) (holding that official's mere negligence is not actionable under § 1983 because "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property"). While Velez-Maldonado's injury is unfortunate, his claim alleges nothing more than simple negligence on the part of Defendants Cemor and Appollo in failing to maintain the tray washing machine and directing Velez-Maldonado to try to fix it when it malfunctioned. Because his claims do not rise to the level of a constitutional violation, they must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

To the extent Velez-Maldonado asserts a claim based on retaliation due to filing a grievance over his injury, this claim will be served for a response. In order to state a plausible First Amendment retaliation claim, a prisoner must allege that: (1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action. *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001); *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003); *Coit v. Garman*, No. 19-2580, 2020 WL 2125780, at *3 (3d Cir. May 5, 2020).

A prisoner's filing of a grievance is constitutionally protected conduct. *See Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. 2006) (citing *Mitchell*, 318 F.3d at 530; *Davis v. Goord*,

320 F.3d 346, 35-53 (2d Cir. 2003)). As Velez-Maldonado asserts he was fired by Defendant Francis in retaliation for filing a grievance, this claim passes § 1915 screening.

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss Velez-Maldonado's claims against Defendants Cemor and Appollo for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because any attempt to amend the negligence claim to state a constitutional violation would prove futile, the dismissal of these Defendants will be with prejudice. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) The retaliation claim against Defendant Francis will be served. An appropriate Order follows.

                                                **BY THE COURT:**

                                                **/s/ Hon. C. Darnell Jones II**

                                                **C. DARNELL JONES, II, J.**